JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   [IN CHAMBERS] ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Pro se Plaintiffs Darryl R. Owen and Mercedes Owen ("Plaintiffs") filed this foreclosure-related lawsuit against OCWen Loan Service, LLC, et al. ("Defendants") in Orange County Superior Court in May 2010.  After Defendant Sunshine Fields, LLC removed the action to this Court, several Defendants filed Motions to Dismiss Plaintiffs' Complaint. (the "Motions").  Other Defendants, including Defendant Joseph Lenin Stalin, have not responded.  After reviewing the papers and arguments submitted, the Court GRANTS Defendants' Motions to Dismiss.

**BACKGROUND**

The following facts come from the Complaint, and as it must for purposes of the Motions to Dismiss, the Court assumes them to be true.

In May 2010, Defendant HRB Associates LLC ("HRB") "gained possession of" Plaintiffs' property. (Compl. at 2:10-17.)  Plaintiffs were never served with a "Notice of Claim." (*Id.*)  At some time before this litigation began, Plaintiffs were evicted from their

JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |

property.

## PRELIMINARY MATTERS

To support their Motions, Defendants request that the Court take judicial notice of numerous documents.  Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  Facts subject to judicial notice may be considered on a motion to dismiss.  *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Defendant HRB requests that the Court take judicial notice of twelve documents filed in *Owen v. Encore Credit* (Orange County Superior Court case number 30-2010-00350045). (Dkt. Nos. 21, 27, Ex. L.)   Because these documents meet the requirements of Rule 201, HRB's request for judicial notice is GRANTED.

Defendants OCWen, Bank of America, N.A., Sunshine Fields, LLC, Lucy G. Seh, and Benjamin Kirk ask the Court take judicial notice of the following seven documents filed in the Orange County Recorder's Office:  (1) a February 27, 2007 Deed of Trust; (2) an April 21, 2008 Assignment of Deed of Trust; (3) a February 25, 2009 Notice of Default; (4) a May 29, 2009 Notice of Trustee's Sale; (5) a September 25, 2009 Trustee's Deed Upon Sale; (6) a February 26, 2010 Grant Deed; and (7) a March 12, 2010 Grant Deed. Because these documents meet the requirements of Rule 201, Defendants' request for judicial notice is GRANTED.

## LEGAL STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint must include "a short and

JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (*citing Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Ninth Circuit recently stated that allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, — F.3d — , 2011 WL 2988827, at *14 (9th Cit. July 25, 2011). The court also stated that "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

If the Court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |

Meanwhile, fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires enough specificity to give a defendant notice of the particular misconduct to be able to defend against the charge. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations omitted). To comply with Rule 9(b), a plaintiff must plead "with particularity" the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49, n.7 (9th Cir. 1994) (en banc) (reversed concerning securities fraud claims); *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397, 405 (9th Cir. 1991); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (holding that Rule 9(b) requires a plaintiff to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"). Where the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

## ANALYSIS

The Court now examines each of Plaintiffs' claims.

1.  **PLAINTIFFS' FIRST CLAIM, FOR "WRONGFUL EVICTION AND POSSESSION OF PROPERTY BASED ON VIOLATION OF RICO STATUTE"**

Plaintiffs allege that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") "when they collaborated . . . to extort and confiscate property rightfully belonging to the plaintiffs for profits and by means of racketeering." (Compl. at 2:21-24.) To plead a RICO claim adequately, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Howard v.*

JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |

*Am. Online, Inc.*, 208 F.3d 741, 746 (9th Cir. 2000).  Further, a claim under RICO must satisfy Rule 9(b)'s specificity requirements.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (citations omitted).

Here Plaintiffs do not allege Defendants' racketeering activity with the required specificity because they do not state the time, place, or specific content of Defendants' fraudulent conduct.  *See Buena Vista, LLC v. New Resource Bank*, 2011 WL 250361, at *2 (N.D. Cal. Jan. 26, 2011 ) (granting defendant's motion to dismiss plaintiff's RICO claim for failure to satisfy the requirements of Rule 9(b)).

The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' first claim.

**2.     PLAINTIFFS' SECOND CLAIM, FOR VIOLATIONS OF THE TRUTH IN LENDING ACT**

Plaintiffs allege that "Defendants violated Title Z of the Truth In Lending Act ["TILA"] when they brought unlawful foreclosure on September 10, 2009."  (Compl. at 3:18-27.) TILA governs disclosures and notices that loan originators must provide at the time of origination.  *See* 15 U.S.C. § 1638(b).  Here Plaintiffs do not allege that Defendants failed to make any required disclosures.  *See Farmer v. Ocwen Loan Servicing, LLC*, 2010 WL 489701, at *4 (E.D. Cal. 2010).

The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' second claim.

**3.     PLAINTIFFS' THIRD CLAIM, FOR "CONTINUING CRIMINAL ENTERPRISE AKA 'KINGPIN STATUTE'"**

Plaintiffs allege that Defendants collaborated to "deliberately violate the 'Kingpin Statute' by changing the loan document to reflect a different loan to avoid criminal prosecution for illegal banking activity."  (Compl. at 4:11-14.)  The Kingpin Statute

JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |

concerns violations of federal drug laws. *See* 21 U.S.C. § 848. Plaintiffs do not allege that Defendants violated these laws.

The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' third claim.

### 4. PLAINTIFFS' FOURTH CLAIM FOR "VIOLATION AND CIVIL LIABILITY FOR DISOBEYING PRIVACY ACT"

Plaintiffs allege that Defendants presented false witnesses in court and improperly divulged Plaintiffs' private information during trial. (Compl. at 5:3-12.) Even if these allegations are sufficient to state a claim for privacy violations, the claim fails because the "litigation privilege" immunizes certain statements, like those here, made in court. *See* Cal. Civ. Code § 47(b) ("A privileged publication or broadcast is one made . . . in any . . . (2) judicial proceeding[].")

The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' fourth claim.

### 5. PLAINTIFFS' FIFTH CLAIM, FOR DECEIT AND FRAUD

Plaintiffs allege that Defendants misled them by providing them with "false loans" and "false sales and transfers," among other things. (Compl. at 5:15-20.) Plaintiffs further allege that these fraudulent documents prevented them from defending themselves in an eviction proceeding. (*Id.*) Plaintiffs allegations of fraud fail because they do not contain the specificity Rule 9(b) requires. Fed. R. Civ. P. 9(b).

The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' fifth claim.

### 6. PLAINTIFFS' SIXTH CLAIM, FOR BATTERY

Plaintiffs allege that Defendants' representative intimidated them and made "personal

JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |

threats of bodily harm and of harassment." (Compl. at 5:26-28.) To state a claim for battery, Plaintiffs must allege a harmful "contact." *See Piedra v. Dugan* 123 Cal. App. 4th 1483, 1495 (2004). Plaintiffs allege only that they were subject to harmful and offensive "conduct," not *contact*. (Compl. at 5:25.)

The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' sixth claim.

**7.     PLAINTIFFS' SEVENTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiffs claim that Defendants "knew that their actions would result in severe emotional distress to Plaintiffs." (Compl. at 6:7-8.) To state a claim for intentional infliction of emotional distress, a plaintiff must allege the following: (1) extreme and outrageous conduct by the defendant (2); that the defendant intended to cause, or recklessly disregarded the probability of causing, emotional distress; (3) that plaintiff suffered severe or extreme emotional distress; and (4) that defendant's extreme or outrageous conduct was the actual and proximate cause of plaintiff's distress. *Cervantes v. J.C. Penny*, 24 Cal. 3d 579, 593 (1979). The conduct alleged must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.*

Here Plaintiffs adequately allege that they have suffered severe emotional distress. Plaintiffs claim, among other things, that they now suffer from "crippling Post Traumatic Stress Disorder . . . depression, separation of marriage, anxiety, [and] panic attacks." (Compl. at 6:5-19.) Plaintiffs also adequately allege causation, but only as to those Defendants who "wrongfully fil[ed] an unlawful eviction" against them. (*Id.*) Proximate causation is not sufficiently alleged against those Defendants who Plaintiffs claim "obtained the loan . . . against the law." (*Id.*) Further, by claiming that Defendants "knew that their actions would result in extreme emotional distress," Plaintiffs adequately allege that Defendants at least recklessly disregarded the possibility of causing such distress. (*Id.*)

JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |

It's a closer question whether the acts that Plaintiffs allege Defendants committed are "so extreme and outrageous as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hailey v. Calif. Physicians' Serv.*, 158 Cal. App. 4th 452, 474 (2007) (internal quotation marks omitted). The Court finds that recklessly and wrongfully "evicting [someone] from their home of sixteen years," as Plaintiffs allege, satisfies this standard. Thus, Plaintiffs satisfy the elements necessary to state a claim for intentional infliction of emotional distress.

But Plaintiffs claim still fails because they do not identify who evicted them. *See Cataulin v. Wash Mut. Bank, SFB*, 2009 U.S. Dist. LEXIS 19667, at *6 (S.D. Cal. May 19, 2009) (granting defendants' motion to dismiss plaintiffs' foreclosure-related complaint because plaintiffs "have in no way specified which claims are brought against which defendants for what conduct). Plaintiffs' "shotgun" approach does not meet the Rule 8 pleading standard. *Id.*

Plaintiffs do specifically name Defendant Kevin H. Mello in this claim, but only to allege that he shouted profanity after a prior state court proceeding. (Compl. at 6:17-19.) The Court will not guess whether this limited allegation against Mello implies that all misconduct alleged in the claim is attributable to him.

The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' seventh claim.

**8.     PLAINTIFFS' EIGHTH CLAIM, FOR NEGLIGENCE**

Plaintiffs allege that Defendants "failed to act reasonably by filing an eviction on property they knew they did not legally have a right to possession or title." (Compl. at 6:22-26). This barebones claim fails because Plaintiffs never alleged that Defendants owed them any duty of care. It also fails, like Plaintiffs' claim for intentional inflection of emotional distress, because Plaintiffs do not allege which Defendants failed to act reasonably.

JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |

The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' eighth claim.

### 9. PLAINTIFFS' NINTH CLAIM, FOR STRICT LIABILITY

Plaintiffs allege that Defendants are strictly liable for violations of the "RICO Act, Kingpin Statute, Privacy Act and FTC." Because this claim derives from Plaintiffs' first, third, fourth, and tenth claims, it fails for the same reasons that those claims fail. The Court therefore GRANTS Defendants' Motions to Dismiss Plaintiffs' ninth claim.

### 10. PLAINTIFFS' TENTH CLAIM, FOR "UNITED STATES TRADE COMMISSION VIOLATIONS"

This claim is nothing more than a brief description of a Federal Trade Commission case. It does not state a claim. Thus, the Court GRANTS Defendants' Motions to Dismiss Plaintiffs' final claim.

### DISPOSITION

The Court GRANTS Defendants' Motions in full. Because the defects in the Complaint apply to all Defendants, Plaintiffs claims are dismissed as to all Defendants, not only those who filed motions to dismiss. Between the state and federal proceedings, this is Plaintiffs' third complaint, and the Court finds that Plaintiffs "could not possibly cure the deficienc[ies]." *Telesaurus VPC, LLC*, 623 F.3d at 1003. Thus, the Court DENIES Plaintiffs leave to amend. Defendants shall promptly submit a proposed judgment.

|  |  | : | 0 |
|---|---|---|---|
|  | Initials of Preparer |  | lmb |

JS-6/O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 11-0924 AG (MLGx)** | Date | September 12, 2011 |
|---|---|---|---|
| Title | OWEN, et al. v. OCWEN LOAN SERVICE, LLC, et al. | | |